# 𝕎heeling,

HENRY HARTMAN *vs.* THOS. J. CAMPBELL, SHERIFF, FOR USE, &C.

July Term, 1872.

An action is brought, in the name of the sheriff, for the use of the party claiming the goods levied on, on an indemnifying bond. On the trial it is shown that at the time of the seizure and sale of the goods, the sheriff had another execution in his hands against the same debtors, but there was no evidence tending to show under which of the executions the goods were in fact sold, or whether the same were sold under both. HELD:

    I. It was not error for the court below to refuse to instruct the jury, at the instance of the defendant, that plaintiff was not entitled to recover unless the jury should be satisfied from the evidence that the property was in fact sold by the sheriff under the execution at the suit of the parties who gave the indemnifying bond, or under both of the executions.

    II. The sheriff was bound to levy first the execution first in his hands, and sell under it; he was also bound to sell upon accepting the indemnifying bond, and it must be presumed in the absence of testimony to the contrary, that he discharged his duty in these respects.

    III. It is also fair to presume that the sheriff, knowing the property was claimed by a party other than the execution debtor, did in fact sell it under the execution for which he was indemnified, rather than under one for which he had no indemnity,

This was an action debt on an indemnifying bond, brought in the circuit court of Ohio county by the relation and for the use of George F. Sawtell, trustee, &c., against Henry Hartman, surety in bond.  Amended declaration filed December rules, 1868.  Verdict and judgment for the plaintiff, June term, 1870.

The evidence disclosed that a writ of *fieri facias* was in the sheriff's hands in favor of Thalheimer, Hirsch and Adler, which was levied on certain goods as the property and effects of W. D. Sawtell & Bro., debtors named in the writ.  George F. Sawtell claimed the goods as trustee, and the plaintiffs in the writ gave the bond sued on.

The sole question arising in the case was upon the instructions to the jury, whereby the defendants sought to instruct the jury that the plaintiff was not entitled to recover unless the jury was satisfied from the evidence that the property was in fact sold by the sheriff under and by virtue of the writ at the suit of Thanheimer, Hirsch and Adler, or under that and another writ he had in his hands at the time of the seizure and sale of the goods, which latter writ was also against W. D. Sawtell & Bro. It did not appear in the evidence under which writ the sheriff in fact sold the goods, or whether the same were sold under both.

The court refused the defendant's instruction, and gave the following:

"If the jury believe from the evidence that the property described in the declaration and in the indemnifying bond sued on was seized by the sheriff of Ohio county, and taken from the possession of the plaintiff under the execution recited in said bond; that the plaintiff was at the time the *bona fide* owner thereof, and that the property was afterwards sold by the sheriff under said execution, or under some other execution against same parties, levied thereon at the time of said seizure, or under both executions, then the plaintiff is entitled to recover the value of the said property; the recovery in this case, however, being limited to the penalty of the bond."

The defendant excepted to the ruling of the court, and brought the case here for review.

*Wheat & Forbes* for plaintiff in error.

In the declaration filed in this cause, after setting out the bond, with its condition, it is alleged amongst other things, that "afterwards, to-wit: on, &c., he, the said plaintiff, *by virtue of the said execution*, sold the absolute estate or interest in said property," and further, "and he, the said George F. Sawtell, assignee and trustee as aforesaid," [he being the trustee for whose use this suit was brought,] "has in consequence of the said *seizure and sale* sustained great damages, to-wit: to the value of five hundred dollars."

The allegation that the sheriff, the plaintiff, had sold the property levied on, by virtue of the execution at the suit of

Thalheimer, Hirsch and Adler, in the indemnifying bond mentioned; and that George F. Sawtell, for whose use the suit was brought, had, in consequence of such *seizure and sale*, sustained damages, were material to the recovery of the plaintiff. Being the breaches of the condition of the bond, they were not only material allegations, but it was essential they should be proven, to justify a recovery.

The levy and seizure of the property are, of course, admitted by the sealing and delivery of the bond; but the other material allegation, that the property was sold under the particular execution mentioned in the condition, is not admitted for the simple and obvious reason that at the time the bond was sealed and delivered no sale had been in fact made.

It is difficult to understand for what purpose the appellee's counsel has cited the cases from ?4 W. Va. or 10th Ohio State Reports. They surely have no application to this case. The appellant and defendant does not deny any proposition laid down in either of those cases.

The injunction prayed for by the defendant conceded the fact that the sheriff had levied upon and seized the property, but insisted that the plaintiff should be required to prove that the sheriff had *sold* under the execution.

It is very true that it was proven, or rather evidence was offered tending to prove, "that said property was afterwards sold by said sheriff at public auction, at the door of the court house, as the property of W. D. Sawtell & Bro., and there being no evidence tending to show under which of said executions the said property levied on and seized by the sheriff, was in fact sold, or whether the same was sold under both," the defendant asked the instruction of the court, which is found in the record.

From the brief explanation given, it will readily be perceived that the allegation of the declaration, that the property had been sold under the execution set forth in the condition of the bond sued on, was a material allegation, and necessary to be proven, where the plaintiff seeks to recover the full value of the property, and not merely damages for the seizure. The circuit judge thought otherwise, and gave the instruction as found in the record.

It is of this the appellant complains as error, for which the

judgment should be reversed and the cause remanded for a new trial with instructions.

The bond sued upon in this case was taken by the sheriff or given by Thalheimer, Hirsch and Adler, with Henry Hartman, the appellant, as their surety, under the fourth section of ch. 152 of the Code of Va., 1860, p. 655. The penalty of the bond was in double the value of the property, conditioned to "indemnify the said Thomas J. Campbell, sheriff as aforesaid, against all damages which he may sustain, in consequence of the seizure or sale of the property, on which the said execution hath been levied, and shall, moreover, pay and satisfy any person or persons, claiming title to the said property, all damage which such person or persons may sustain in consequence of the seizure or sale," &c. The condition pursues, substantially, the terms of the section to which we have referred. The verdict of the jury was as follows: "We the jury, find for the plaintiff, and assess the damages at the amount of the bond, three hundred and fifty-eight dollars twenty-two cents." There was evidence tending to show, "that at the time of the levy upon and seizure of the property in the declaration and said indemnifying bond mentioned, by the said sheriff of Ohio county, which was of the value of ten or eleven hundred dollars, he, the said sheriff, had in his hands two writs of *fieri facias*, issued from the clerk's office, upon two several judgments of this court," &c., "and there being evidence that said property was afterwards sold by the said sheriff at public auction, at the door of the court house, as the property of W. D. Sawtell & Bro., and there being no evidence tending to show under which of said executions the said property levied on and seized by the sheriff was in fact sold, or whether the same was sold under both," the instruction was asked for by the defendant and refused.

The necessity for this instruction, and as is most respectfully suggested, wrongfully refused, is shown by the verdict of the jury, for the amount of the bond, and not for the value of the property, seized and sold, under the execution mentioned and set out in the declaration and the indemnifying bond; and the proof that when the seizure was made and the property sold, the sheriff had two executions against the same defendants. The bond in this case, being in a penalty double

the value of the property seized under the execution, and nothing in the record showing that the property taken under this execution was more in value than one-half of the penalty, the verdict of the jury, under the instruction given by the court, in lieu of that which was asked by the defendant, the value of the whole property levied on, under both executions, being shown to be of the value of ten or eleven hundred dollars, the jury gave their verdict for the whole penalty of the bond, without reference to the actual value of the goods sold under the execution mentioned in the bond. It was unnecessary for the appellee's counsel to cite either the case of *Stone* vs. *Painter*, 5 Munf. 287 or 4 Rob. (new) Prac. 346-7 to shew that the sheriff was compelled to sell under this execution when the plaintiff had delivered the proper indemnifying bond, It is of course well understood and conceded, that the Sheriff was required to sell; but that concession does not release the plaintiff from proving, that he did sell under the execution mentioned in the bond. This bond indemnified the sheriff against any claim for damages as well for the seizure as the sale. In the case of *Crump* vs *Ficklin* for Guthrie, Patten and Heath R. 201–205, the court say : "The proper measure of damages in an action on an indemnifying bond, at the relation of the claimant of the property, in the event of his establishing title thereto, is the actual value of the proper seized and sold, with interest in the way of damages, on the amount of the value, from the period at which the value is ascertained to the time of the trial ; and that in ascertaining such value, the relator has the right to recover in damages, the value of the property, either at the date of the seizure, or at the date of the sale, or at any intermediate time, between the seizure and sale, with interest aforesaid ; and that for the mere seizure of the property, (where a sale ensues,) the damages are nominal only." The court here decided, that the allegation, that the plaintiff had sold the property levied on and seized, was material to the plaintiff's recovery; that where the fact was proven, that the property was sold under the execution, the damages for the mere seizure are nominal only ; and that where the relator seeks to recover the value of the property, either at the time of the seizure or the sale, or at any intermediate time,

it is not only essential, that such actual sale should be alleged in the declaration, but proved on the trial of the issue.

The district judge instructed the jury that if they believed from the evidence " the property was afterwards sold by the sheriff under said execution, (meaning the execution recited in the bond,) or under some other execution against the same parties, levied thereon at the time of said seizure, or under both executions, then the plaintiff is entitled to recover the value of said property, the recovery in this case, however, being limited to the penalty of the bond."

The bond sued on is a statutory bond, and the action is given by statute. The sixth section of the 152 chap. p. 655, before mentioned, took away from the relator his right of action against the sheriff, and gave him the suit he brought in this case, and the idea of appellee's counsel, that the damages of the relator in consequence of the seizure or sale (the property having been converted by anyone, whether defendant or not,) were the same in either case, seems to us utterly untenable, as shown by the case in Patten and Heath before quoted. The relator has sued upon the bond and can only recover under the condition of the bond. He has assigned branches of the condition, and can only recover the damages consequent on the branches assigned, or either of them. The sherfff and the defendants in this case are not joint trespassers; here we think is found the explanation for the instruction given by the circuit judge at the instance of plaintiff's counsel. The case of *Lovejoy* vs. *Murray,* 3 Wall. 1, we respectfully submit does not in anything resemble the one at bar. The action was not on a statutory indemnifying bond, nor was the sheriff in that case bound to sell under the attachment. It is enough that the bill of exceptions shows, that there was no evidence tending to show, under which of the two executions then in his hands, the Sheriff had in fact sold the property, or whether he had sold under both. It is therefore not now to be assumed, in direct contradiction to this distinct statement, that there was proof required that the other execution creditor had also indemnified the sheriff.

We have insisted and now repeat, that if the relator recovers for the value of the property, it must be proven that the property was sold under the execution recited in the bond

upon which the suit was brought. The circuit judge and plaintiff's counsel, seem to have concluded that the parties to this bond, the other execution creditor and the sheriff, were joint tort-feasors in the levy, and are all liable for the joint trespass, no matter who received the proceeds of the sale.

*C. W. B. Allison* for defendant in error.

BERKSHIRE, P.  The question, and only one in the case, is whether the circuit court erred in refusing to give the instruction asked for by the appellant, and in giving the one asked for by the appellee.  The indemnifying bond, upon which the suit is founded recites, that an execution in favor of the principals in said bond, against Sawtell & Brother, had issued from the clerk's office of the circuit court of Ohio county, and been placed in the hands of a deputy of the sheriff of said county, by whom it was levied on certain goods and chattels (enumerated in the bond) as the property of Sawtell & Brother.  And it is provided, among other things, that the principals in such bond, and the appellants as their security therein, should pay and satisfy to any person claiming title to said property, all damages which he might sustain in consequence of the seizure or sale thereof.

By the levy of the execution by the sheriff or his deputy, and seizure of the property in controversy under it, the trespass was complete and consummated, and an action accrued to the claimant or owner, on the indemnifying bond, to recover, at least, any damages he might have sustained by reason of such levy and seizure.

It was proved on the trial, that the property in dispute was sold by said sheriff, after the levy and seizure recited in the bond, at public auction, &c.  Also, that at the time of such levy and seizure the sheriff (or deputy who made it) had another execution in his hands against Sawtell & Brother in favor of another party.  And there being no evidence introduced tending to prove under which of said executions the sale of the property was in fact made, the defendant asked the court to instruct the jury (in effect) that, although they should believe, from the evidence, that the property in controversy was levied on by such sheriff and taken from the

possession of George F. Sawtell, the trustee and relator in this action, and that he was the *bona fide* owner thereof, as trustee, &c., yet the plaintiff was not entitled to recover in this action (for the use of said Sawtell) the *value* of the property unless the jury should be further satisfied, from the evidence, that the property was in fact *sold* by the sheriff, under the writ of *fieri facias* recited in the indemnifying bond in favor of the principals therein.

This instruction the court refused to give; but at the instance of the plaintiff, instructed the jury (in effect) that, if they believed from the evidence, that the property described in the declaration and indemnifying bond sued on, was seized by said sheriff and taken from the possession of Sawtell, the trustee and owner, under the execution recited in said bond; that said Sawtell was, at the time, the *bona fide* owner thereof (for use, &c.,) and that the property was afterwards sold by such sheriff under said execution, or under some other execution against the same parties, levied thereon at the time of said seizure, or under both executions, then the plaintiff was entitled to recover the value of said property, the recovery in this action being limited to the penalty of said bond.

As, under the law, it was the duty of the sheriff, in the premises, to levy *first* the first execution that came into his hands to be levied, and to proceed to sell under it; and as, under the law, he was *bound* to sell the property in dispute, upon receiving and accepting the indemnifying bond, it must be presumed here, in the absence of evidence to the contrary, that he discharged his duty in these respects. And, it seems to me, that in the absence of evidence to the contrary, the presumption is equally fair and reasonable that knowing, as the sheriff did, that the property levied on was claimed by Sawtell, the trustee, he did *in fact* sell it on the execution for which he was indemnified rather than under the one for which he had no such indemnity; and consequently, the jury might well have assumed that the sale was made under the former. It follows, therefore, that the appellant's bill of exceptions shows no error to his prejudice, and that the judgment must be affirmed, with costs and damages.

The other judges concurred.

JUDGMENT AFFIRMED.